UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>HAWAIIAN TELCOM COMMUNICATIONS, INC.,<br><br>                Debtor. | Case No.: 08-02005<br>Chapter 11 |
| SHULTS & TAMM, A LAW CORPORATION, LITIGATION TRUSTEE,<br><br>                Plaintiff,<br><br>vs.<br><br>LOREN D. TOBEY,<br><br>                Defendant. | Adv. Pro. No. 11-90013<br><br><br><br>Re: Docket No. 43 |

**MEMORANDUM DECISION CONCERNING
PLAINTIFF'S MOTION TO STRIKE
DEFENDANT'S *IN PARI DELICTO* DEFENSE**

**I. INTRODUCTION**

This is an adversary proceeding in bankruptcy. Fed. R. Bankr. P. 7001. Plaintiff is a litigation trustee, appointed pursuant to Debtor's confirmed chapter 11 plan of reorganization. Defendant is a former Vice President and Chief Information Officer, of Debtor.[1]

---

[1] Debtors and Debtors in Possession include Hawaiian Telcom Communications, Inc., Hawaiian Telcom Holdco, Inc., Hawaiian Telcom, Inc., Hawaiian Telcom Services Company, Inc., Hawaiian Telcom IP Service Delivery Investment, LLC, Hawaiian Telcom IP Service Delivery Research, LLC, Hawaiian Telcom IP Video Investment, LLC and Hawaiian Telcom IP

Plaintiff seeks to avoid certain payments made by Debtor to Defendant and to recover from Defendant the amounts of the payments. Count I alleges that some of the transfers are avoidable, because they were preferential (11 U.S.C. § 547). Count II alleges that some of the transfers were fraudulent conveyances (11 U.S.C. § 548). Count III seeks to recover payments made by Debtor to Defendant after the filing of Debtor's chapter 11 bankruptcy petition on December 1, 2008 (11 U.S.C. § 549). Count IV, pursuant to 11 U.S.C. § 544(b)(1), relies on the State of Hawaii fraudulent conveyance statute (Haw. Rev. Stat. §§ 651C-4 and 5).

On December 30, 2011, pursuant to a stipulated order, Defendant filed a First Amended Answer to Complaint (dkt. no. 32). Paragraph 29 of the First Amended Answer adds, as an Eleventh Defense, "Trustee's claims are barred by the doctrine of *in pari delicto*." That is the entire Eleventh Defense. There is no explanation of how or why this defense is applicable. For the purpose of this memorandum decision, it will be assumed that the *in pari delicto* defense is intended to apply to all four counts of the complaint.

On January 20, 2012, Plaintiff filed a motion to strike Defendant's *in pari delicto* defense. The motion was heard on March 22, 2012.

Plaintiff appeared through counsel Christopher J. Muzzi (telephonically) and Leila M. Rothwell Sullivan, of Moseley Biehl Tsugawa Lau & Muzzi, in support of the motion.

---

Video Research, LLC. These entities will be collectively referred to in this memorandum decision as "Debtor."

2

U.S. Bankruptcy Court - Hawaii #11-90013 Dkt # 87 Filed 04/06/12 Page 2 of 10

Gregory W. Kugle and Noelle B. Catalan of Damon Key Leong Kupchak Hastert appeared for Defendant in opposition to the motion.

## II. FACTS

Debtor's chapter 11 petition was filed on December 1, 2008. Debtor has always been a debtor in possession. There has never been a reorganization trustee.

On December 30, 2009, the court confirmed Debtor's chapter 11 plan of reorganization. The plan provided for the formation of a Litigation Trust. The Litigation Trust was created for the benefit of unsecured creditors of the estate.[2] The Litigation Trust Agreement is Exhibit A to the Order Approving Appointment of Shults & Tamm as Trustee Under the Litigation Trust Agreement filed on November 4, 2010 (bk no. 08-02005, dkt. no. 1966). Pursuant to the Litigation Trust Agreement, Debtor's avoidance actions, such as those asserted by Plaintiff in this adversary proceeding, are assigned to the Litigation Trust. (Litigation Trust Agreement, Article I 1.1, 1.2). Plaintiff, the Litigation Trustee, is given the Debtor's powers over avoiding power claims, specifically including those under 11 U.S.C. §§ 544, 547, 548, and 549, the sections relevant to this adversary proceeding. (Litigation Trust Agreement, Article III 3.2(d)).

On November 4, 2010, Plaintiff Shults & Tamm, a Law Corporation, was approved as trustee for the Litigation Trust. (bk. no. 08-02005, dkt. no. 1966).

---

[2] "WHEREAS, the Litigation Trust is created on behalf and for the sole benefit of, the holders of Allowed Senior Notes Claims and Allowed General Unsecured Claims . . . ;" (bk no. 08-02005, dkt no. 1966, Order Approving Appointment of Shults & Tamm, a Law Corporation, as Trustee Under that Certain Litigation Trust Agreement dated October 28, 2010, Exhibit 1 at 1).

3

U.S. Bankruptcy Court - Hawaii #11-90013 Dkt # 87 Filed 04/06/12 Page 3 of 10

## III. ISSUE

Can the *in pari delicto* defense be asserted against bankruptcy avoidance claims?

## IV. DISCUSSION

### A. Motions to strike.

Before the court is Plaintiff's motion to strike Defendant's *in pari delicto* defense.

Rule 12(f) of the Federal Rules of Civil Procedure, made applicable by Rule 7012(f) of the Federal Rules of Bankruptcy Procedure, provides that the court may strike from a pleading any insufficient defense on the court's own motion or on a motion filed by a party. Motions to strike are generally disfavored and so should only be applied where the insufficiency of the defense is clearly apparent. 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed. 2011); accord Fesnak and Associates, LLP v. U.S. Bank Nat. Ass'n, 722 F. Supp. 2d 496, 502 (D. Del. 2010). The underlying purpose of Rule 12(f) is to eliminate unnecessary "time and money" that would be "spent litigating spurious issues, by dispensing with" them before the trial. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (quoting, Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983)).

Rule 12(f) motions are reviewed under an "abuse of discretion" standard. Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010).

4

B. *In Pari Delicto*

1. Nature of the *in pari delicto* defense.

The *in pari delicto* defense is based on the premise that a wrongdoer should not profit from his own wrongful acts. Official Committee of Unsecured Creditors of PSA, Inc. v. Edwards, 437 F.3d 1145, 1152 (11th Cir. 2006). This equitable doctrine supports the policy that the courts should not waste their time deciding a dispute among wrongdoers and that denial of "relief to an admitted wrongdoer is an effective means of deterring illegality." Id. (citing Bateman Eichler, Hill Richards, Inc. v. Berner, 472 U.S. 299, 306 (1985)).

2. Nature of the claims that are and are not involved in this adversary proceeding.

The claims in this adversary proceeding are known as avoidance actions. When a bankruptcy petition is filed, the representative of the bankruptcy estate is given statutory powers to avoid certain types of pre-bankruptcy transfers by the debtor, including preferences, fraudulent conveyances, and post-petition payments. This adversary proceeding does not involve claims owned by Debtor before the filing of its chapter 11 petition on December 1, 2008. Such claims could be, for example, causes of action sounding in negligence or breach of contract.

3. The use of *in pari delicto* against Debtor's pre-bankruptcy claims that are not involved in this adversary proceeding.

U.S. Bankruptcy Court - Hawaii #11-90013 Dkt # 87 Filed 04/06/12 Page 5 of 10

The filing of the bankruptcy petition creates a bankruptcy estate which includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). These legal or equitable interests encompass causes of action that a debtor could have pursued before the filing of its bankruptcy petition. O'Halloran v. First Union Nat. Bank of Florida, 350 F.3d 1197, 1202 (11th Cir. 2003). If the debtor owned the claim before bankruptcy, defenses which were available against the debtor, pre-bankruptcy, are also available against a trustee in bankruptcy who pursues those claims as part of the bankruptcy estate. For example, in Edwards, the debtor had promoted and operated a Ponzi scheme. 437 F.3d at 1148. The trustee in bankruptcy brought an action against entities which had allegedly assisted the debtor in the scheme. It was held that the *in pari delicto* defense could be used against the trustee in bankruptcy. Id. at 1156. The district court's dismissal of the trustee's complaint was affirmed. Id. at 1157.

Similar successful uses of *in pari delicto* against bankruptcy trustees include: Gray v. Evercore Restructuring, L.L.C.. 544 F.3d 320 (1st Cir. 2008) (in an action for negligence and breach of fiduciary duty, the defense was used against the trustee of a chapter 11 debtor's liquidating trust); Grassmeuck v. American Shorthorn Association, 402 F.3d 833 (8th Cir. 2005) (*in pari delicto* used against a bankruptcy trustee who was the plaintiff in a negligence action); Breeden v. Kirkpatrick & Lockhart LLP, 336 F.3d 94 (2nd Cir. 2003) (defense was used against a bankruptcy trustee suing debtor's accountants and attorneys for

6

U.S. Bankruptcy Court - Hawaii #11-90013 Dkt # 87 Filed 04/06/12 Page 6 of 10

malpractice); and Terlecky v. Hurd, 133 F.3d 377(6th Cir. 1997) (defense was used against a chapter 7 trustee in bankruptcy in a malpractice action against attorneys who had represented the debtor in connection with fraudulent public stock offerings).

    4. The *in pari delicto defense* and the claims involved in this adversary proceeding are statutory avoiding powers created by the Bankruptcy Code.

All of the claims discussed in paragraph 3, above, were owned by the debtor before the filing of a bankruptcy petition. They must be distinguished from claims of the type involved in this adversary proceeding, avoiding power claims under sections 544, 547, 548, and 549. Those claims did not come into bankruptcy with Debtor, but were created by the filing of the bankruptcy petition. The avoiding power claims did not exist before the filing of a debtor's bankruptcy petition. After the filing of a chapter 11 petition, a debtor's plan of reorganization may provide that the enforcement of avoiding power claims may be pursued by a number of entities, including a reorganization trustee, if one is appointed, a debtor in possession, or the trustee of a litigation or liquidation trust. 11 U.S.C. § 1123(b)(3)(B).

The distinction between claims owned by a debtor before the filing of its bankruptcy petition and avoiding power claims is critical to the matter under submission. The counts in the complaint did not exist before the filing of Debtor's bankruptcy petition.

7

U.S. Bankruptcy Court - Hawaii    #11-90013    Dkt # 87    Filed 04/06/12    Page 7 of 10

There has never been a reorganization trustee in this case, so the avoiding powers belonged to Debtor, as a debtor in possession. 11 U.S.C. § 1107(a); In re Cybergenics Corp., 226 F.3d 237, 243 (3rd Cir. 2000). Pursuant to the Litigation Trust Agreement, Debtor, as debtor in possession, gave these avoiding powers to Plaintiff. The Bankruptcy Code avoiding powers under sections 544, 547, 548, and 549 are specifically enumerated in both the Plan of Reorganization (Article 1 B. 4) and the Litigation Trust Agreement (Article III 3.2(d)) as being among the claims assigned to Plaintiff, Litigation Trustee.

While the *in pari delicto* defense can be raised against a trustee bringing a debtor's pre-bankruptcy claims under 11 U.S.C. § 541, it cannot be raised against avoidance claims. In Kipperman v. Onex Corporation, 411 B.R. 805 (N.D. Ga. 2009), the court refused to allow the defendant to apply the *in pari delicto* defense against a litigation trustee who was appointed under a confirmed chapter 11 plan. In that case, the litigation trustee filed an action against a firm and its affiliates, which acquired debtors subsidiaries through leveraged buyouts. The trustee alleged various claims including avoidance and preferential transfers. Id. at 826. The court held that the *in pari delicto* defense did not apply to claims asserted by the litigation trustee under 11 U.S.C. §§ 544, 547 and 548. Id. at 882. While this defense could be raised against a debtor's claims under 11 U.S.C. § 541, it cannot be brought against avoidance claims. In re Financial Resource Mortg., Inc., 454 B.R. 6, 24 (Bankr. D.N.H. 2011).

U.S. Bankruptcy Court - Hawaii #11-90013 Dkt # 87 Filed 04/06/12 Page 8 of 10

The reasoning is that these avoidance claims are brought under a trustee's avoiding powers and not under his status as a successor in interest to the debtor. Sender v. Simon, 84 F.3d 1299, 1304 (10th Cir. 1996); In re Dow, 132 B.R. 853, 861 (Bankr. S.D. Ohio 1991). "Courts have held that, while the in pari delicto defense applies to actions brought by the trustees as the successor to the debtor's interest under § 541, it does not apply to avoidance actions under chapter 5." In re Financial Resources Mortg., Inc., 454 B.R. at 24.

As noted above, both the Debtor's chapter 11 plan and the Litigation Trust Agreement give the avoiding powers in Chapter 5 of the Bankruptcy Code to the Litigation Trust and to Plaintiff, as litigation trustee. See In re Kimball Hill, Inc., 449 B.R. 767, 778 (Bankr. N.D. Ill. 2011) (where the bankruptcy court held that a chapter 11 plan sufficiently preserved and transferred avoidance claims to the liquidation trustee pursuant to 11 U.S.C. § 1123(b)(3)). Any transfers that are successfully avoided are preserved for the benefit of the estate. 11 U.S.C. § 551

An *in pari delicto* defense cannot be used by Defendant against the avoiding power claims given to Plaintiff by Debtor's confirmed chapter 11 plan of reorganization and by the Litigation Trust Agreement.

C. Was Defendant an "insider' of Debtor?

The parties have presented arguments about whether or not Defendant is an 'insider' of debtor. Plaintiff alleges that insiders are barred from use of *in pari delicto* against debtor's trustee. Defendant alleges that he was not an 'insider'. It is unnecessary to consider that argument. Since the *in pari delicto defense* cannot

U.S. Bankruptcy Court - Hawaii #11-90013 Dkt # 87 Filed 04/06/12 Page 9 of 10

be used by anyone against a trustee's avoiding powers, it does not matter whether or not Defendant is an insider.

**V. Conclusion.**

No reorganization trustee was ever appointed in Debtor's bankruptcy case. Therefore, the avoiding powers at issue in this adversary proceeding initially belonged to Debtor, as debtor in possession. Pursuant to Debtor's plan of reorganization and the Litigation Trust Agreement, Debtor's avoiding powers were transferred to the Litigation Trust and Plaintiff, as trustee.

*In pari delicto* can be used as a defense against claims owned by a debtor before the filing of a bankruptcy petition, but not against a trustee's avoiding powers. It does not matter whether the plaintiff, in an avoiding power adversary proceeding, is a trustee in bankruptcy, a debtor in possession, the trustee of a litigation or liquidation trust or the underlying trust.

An order will be entered granting Plaintiff's motion to strike Defendant's *in pari delicto* defense.

Dated: Honolulu, Hawaii, April 6, 2012.

Lloyd King
United States Bankruptcy Judge